FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 NOV -8 PM 3: 57

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| Darrayl Agnew, et al., | ] |
| | ] |
| Plaintiff(s), | ] |
| | ] |
| vs. | ] CV-04-CO-0260-W |
| | ] |
| Capital One Financial | ] |
| Corporation, et al., | ] |
| | ] |
| Defendant(s). | ] |

ENTERED
NOV 0 8 2004

MEMORANDUM OF OPINION

I.  Introduction.

Plaintiffs filed suit against Capital One Financial Corporation and Capital One Bank (collectively "Capital One") in the Circuit Court of Sumter County, Alabama, on January 5, 2004.  In their complaint, Plaintiffs assert the state law causes of action of deceptive trade practices (Count I), negligence and wantonness (Count II), breach of contract (Count III), and rescission (Count IV).

Capital One removed the action to this Court on February 9, 2004, asserting jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (Diversity), and 28 U.S.C. §§ 1334 and 1452 (bankruptcy). Plaintiffs filed a motion to remand (Doc. # 4) on March 8, 2004, and the motion is ripe for decision.

Upon due consideration, and for the reasons that follow, the Court is of the opinion that the motion is due to be granted.

II.  Factual Summary.

There are over one hundred individual plaintiffs in this case all of whom are resident citizens of Alabama. (Compl.) Five of the plaintiffs have pending bankruptcy cases. (Br. Opp'n p. 17.) Capital One Bank is a "federally insured, state-chartered bank existing under the laws of the Commonwealth of Virginia." (Notice of Removal ¶ 5.) Capital One Financial Corporation "is a Delaware Corporation with its principal place of business in Virginia." (Notice of Removal ¶ 6.)

Plaintiffs allege that Capital One wrongfully, deceptively, and without their consent, charged them past due fees, over limit fees, payment protection fees, and account balance coverage premium fees on the credit

cards they had with Capital One. (Compl.) In addition, Plaintiffs assert that Capital One hid these charges from them. (Compl.)

III.  Standard for Remand.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. See *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994).

Capital One bears the burden of establishing subject-matter jurisdiction. See *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921) (stating that the defendant bears the burden of proving subject-matter jurisdiction in removed actions).

IV.   Discussion.

Capital One invokes the Court's jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (Diversity), and 28 U.S.C. §§ 1334 and 1452 (bankruptcy) as the basis for removal.  Plaintiffs contest the jurisdiction of the Court. The Court will discuss the asserted jurisdictions separately.

   A.   Federal Question.

Federal question jurisdiction requires that the "action aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Capital One alleges that even though Plaintiffs have stated only state law causes of action, their claims, if they exist at all, arise under the laws of the United States.  (Br. Opp'n.)

The analysis of federal question jurisdiction begins with the principle that the plaintiff "is master to decide what law he will rely upon." *The Fair v. Kohler Die & Speciality Co.*, 228 U.S. 22, 25 (1913). Plaintiffs can choose to rely solely on state law even if federal law provides a cause of action as well.  *Campbell v. Gen. Motors Corp.*, 19 F. Supp. 2d 1260, 1271 (N.D. Ala. 1998). "The presence or absence of federal-question jurisdiction is governed

by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. "Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393; citing *Franchise Tax Bd. of Calif. v. Construction Laborers Vacation Trust for Southern Calif.*, 463 U.S. 1,12 (1983).

The "complete pre-emption doctrine" is an exception to the well-pleaded complaint rule whereby "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 393; quoting *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 65 (1987). Thus, if applicable, the complete pre-emption doctrine would permit the defendant to "remove a case to federal court even though the plaintiff raises only state-law claims in [the]

complaint." *Anderson v. H & R Block, Inc.*, 287 F.3d 1038, 1042 (11th Cir. 2002).

Defendants insist that "Plaintiffs' claims are completely pre-empted" by the Depository Institution Deregulation and Monetary Control Act ("DIDA"). (Br. Opp'n p. 2.) Defendants cite this Court to *Beneficial Nat. Bank v. Anderson* for the proposition that "claims that put at issue charges which are defined as 'interest' under the National Bank Act ('the NBA') are completely preempted by federal law." (Br. Op'n. p. 2.) What *Beneficial Nat. Bank v. Anderson* actually says is,

> In actions against national banks **for usury**, these provisions supersede both the substantive and the remedial provisions of state usury laws and create a federal remedy for overcharges that is exclusive, even when a state complainant, as here, relies entirely on state law. Because §§ 85 and 86 provide the exclusive cause of action for such claims, there is, in short, no such thing as a state-law **claim of usury** against a national bank. Even though the complaint makes no mention of federal law, it unquestionably and unambiguously claims that petitioners **violated usury laws.** This cause of action against national banks only arises under federal law and could, therefore, be removed under § 1441.

*Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 11 (2003) (emphasis supplied).

"The complete preemption analysis thus focuses primarily upon evaluating Congress's intent, which is the 'touchstone' of federal court removal jurisdiction." *Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.*, 182 F.3d 851, 857 (11th Cir. 1999) citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). When "Congress has clearly manifested an intent to make causes of action within the scope of the [statute] removable to federal court . . . we must honor that intent . . . ." *Metropolitan Life*, 481 U.S. at 66.

Reading the language of the DIDA, the Court finds no evidence of Congressional intent to make the state law causes of action asserted by Plaintiffs removable. 12 U.S.C.A. § 1831(d). "The real issue is whether federal law considers the plaintiffs' claims . . . within the scope of the [DIDA's] prohibition of charging a rate of interest greater than allowed . . . ." *Monday v. Coast to Coast Wireless Cable*, 1997 WL 114874 *9 (M.D. Alabama).[1] Plaintiffs do not claim a violation of any usury law. Plaintiffs' claims are that the fees were improperly charged, not that the fees caused

---

[1] Defendants insist the DIDA and the NBA "are to be interpreted identically" and therefore the Court has interchanged in this quote the DIDA for the NBA. (Br. Opp'n p. 2.)

the plaintiffs to pay or be charged an interest rate in excess of a federal or state interest rate limit. Thus, Plaintiffs' claims fall outside the scope of the DIDA and the Court does not have federal question jurisdiction.

  B. Diversity.

Diversity jurisdiction is only appropriate if the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Because the defendants removed this action, they have the burden of establishing the propriety of diversity subject-matter jurisdiction. See *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

The parties do not dispute that complete diversity exists. The record indicates that Plaintiffs are residents of Alabama, while Defendants are deemed to be residents of other states. See 28 U.S.C. § 1332(c)(1). Therefore, the Court must ascertain only whether the amount in controversy requirement is met.

In this case, each Plaintiff affirmatively seeks to recover damages in the aggregate amount for all counts of "less than $75,000 exclusive of interest and costs . . . ." (Compl.) Plaintiff is free to avoid federal Court

by suing for less than the jurisdictional amount. See *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

Defendants argue that Plaintiffs actually seek more than $75,000 exclusive of interest and costs in that Plaintiffs seek to have an arbitration clause voided as a part of the demanded relief. "Where a plaintiff fails to specify the total amount of damages demanded . . . a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), overruled on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069. However, in a case where the plaintiff has demanded a specific amount of damages, ". . . to avoid a remand, . . . defendant must prove to a legal certainty that plaintiff's claim must exceed $[75,000]." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 - 1096 (11th Cir. 1994).

In an effort to demonstrate the value of the demand, Defendants have offered the affidavits of various attorneys who each opine that the

arbitration clause and thus the voiding of the arbitration clause would indeed be of value. Defendants argue that when this value is added to the relief sought in Counts One through Three, it is sufficient to meet the jurisdictional amount. However, the Court is of the opinion that Defendants have failed to meet their burden of demonstrating that the amount in controversy exceeds the $75,000.

C.  Bankruptcy.

Defendants argue that the Court has jurisdiction of this case "pursuant to 28 U.S.C. §§ 1334(b) and (e) as well as § 1452 because five (5) Plaintiffs have open, ongoing bankruptcies, one of which was filed after this case was filed." (Br. Opp'n p. 17.) The gist of their argument is that these five plaintiffs assert claims that constitute core proceedings or "at a minimum are 'related to' bankruptcy proceedings . . . ." (Br. Opp'n p. 17.)

Plaintiffs insist that the Court is required to abstain pursuant to 28 U.S.C. § 1334(c) or at a minimum should equitably abstain from hearing the case. In the oral argument of the pending motion, the defendants agreed that it was within the Court's discretion to abstain but maintained their position that it was not mandatory.

Permissive abstention is left to the Court's discretion. 28 U.S.C. § 1334(c)(1). It "can be warranted 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'" *In re Petrie Retail, Inc.,* 304 F.3d 223, 232 (2nd Cir. 2002). It will not be necessary for the Court to determine if abstention is mandatory in this case because abstention is otherwise appropriate. The claims of these Plaintiffs are governed by state law and the action was filed in state court. In the interest of justice and comity with state courts, this Court will abstain.

V. Conclusion.

The Court concludes that it is without jurisdiction to decide this case. Accordingly, the plaintiffs' motion to remand will be granted and this cause will be remanded to the Circuit Court of Sumter County, Alabama, whence it was improvidently removed. A separate order will be entered.

Done, this 8 day of November, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE